**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL ANTONIO CASTELLON PAZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-01862 |
| v. | ) | |
| | ) | |
| LEONORD ODDO, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM ORDER DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Daniel Antonio Castellon Paz filed a Petition for Writ of Habeas Corpus alleging that he was illegally subject to mandatory detention after his arrest on September 3, 2026. (ECF No. 1). Petitioner asserts that he was detained pursuant to 8 U.S.C. § 1225(b)(2)(A), which the Third Circuit has found inapplicable to noncitizens residing in the interior of the county. *Buele Morocho v. Warden*, – F.4th —, Nos. 26-1150 & 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). Respondents have filed a Response to the Petition representing that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and presently has access to an individualized bond hearing in immigration court. (ECF No. 6). The Court permitted Petitioner to file a reply addressing Respondents' classification of Petitioner as a § 1226(a) detainee, (ECF No. 9), but Petitioner did not file such reply.

Respondents have provided documentary evidence showing that Respondents performed a custody determination on September 3, 2026, and that same day Petitioner elected to have his custody determination reviewed by an Immigration Judge ("IJ"). (ECF No. 6-1). On October 14, 2026, a bond hearing before an IJ took place; Respondents have provided the Order of the IJ which denied bond based on a finding that Petitioner is a flight risk. (ECF No. 13-1).

The Court therefore agrees with Respondents that the Petition should be dismissed as moot because Petitioner has accessed a bond hearing in the immigration court under § 1226(a). Respondents have shown that Petitioner is not being detained pursuant to § 1225(b)(2)(A) or otherwise subject to mandatory detention. The Court has no information about the adequacy of the bond hearing and therefore makes no judgment on the subject. Petitioner's claims, however, derived from his alleged complete lack of access to a bond hearing and detention pursuant to an inapplicable statute, and the Petition therefore warrants dismissal without prejudice.

AND NOW, this 21st day of October 2026, IT IS HEREBY ORDERED that the Petition is DISMISSED WITHOUT PREJUDICE as moot. The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak________________
Mark R. Hornak
UNITED STATES DISTRICT JUDGE